UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN POUR,                              )
                                         )
        Plaintiff,                       )
                                         )
    vs.                                  )    No. 4:05CV1599-DJS
                                         )
FEDEX GROUND PACKAGE SYSTEM, INC.        )
and AMERICAN BUILDING MAINTENANCE        )
OF KENTUCKY, d/b/a ABM Janitorial        )
Services,                                )
                                         )
        Defendants.                      )


ORDER

Defendant American Building Maintenance of Kentucky (hereinafter "ABM") has filed a motion to exclude the testimony and report of plaintiff's expert witness, Darrel McClatchey. The matter is fully briefed and ripe for disposition. In his complaint, plaintiff seeks damages for injuries allegedly sustained when he fell on a loading dock at a facility operated by defendant FedEx at which defendant ABM provides janitorial services. Plaintiff was working as an independent contractor for FedEx at the time of the incident. The negligence allegedly contributing to plaintiff's fall derives from the presence on the loading dock of a shipping ladder or skate conveyer with which plaintiff came into contact.

Acknowledging that ABM is not plaintiff's employer, Mr. McClatchey, as a workplace safety expert, offers opinions that ABM

deviated from the standard of care of a reasonably prudent employer in several respects contributing to the accident.  ABM argues that such opinions should be excluded because plaintiff was not ABM's employer, and because only a duty of ordinary care applies, such that expert testimony is irrelevant and represents an improper invasion of the province of the jury.

Plaintiff first opposes the motion on the ground that it is untimely by reference to the January 28, 2008 deadline established by the judge who previously presided over this case for motions challenging expert witnesses.[1]  The undersigned's amendments to certain case management dates left this deadline intact, and it is reasonably applied to a motion by defendant challenging plaintiff's expert, who was to be deposed no later than December 21, 2007.[2]  Nonetheless, out of the Court's interest in avoiding testimony not properly admitted, the Court considers the merits of the motion.

Plaintiff agrees in response to the motion that the duty of ordinary care applies to his claim against ABM, but argues that McClatchey's opinions are appropriate and helpfully offered to a lay jury presumably lacking in experience with industrial workplace

---

[1] Magistrate Judge Noce's Fifth Amended Case Management Order [Doc. #46 of April 20, 2007] requires that "any Kumho and Daubert motions must be filed no later than **January 28, 2008**."

[2] ABM's aside criticizing plaintiff's opposition as five days late fails to take into account the application of Fed.R.Civ.P. 6(d), which yields the conclusion that the opposition was only one day late.

settings such as the freight terminal involved here.  Although on different facts such a contention might be persuasive, here the facts involve plaintiff falling after stepping on a skate conveyer that had been moved from its usual position on a different floor surface to the elevated metal grate walkway of a loading dock.  The skate conveyer is described as a piece of equipment approximately 2 feet wide by 8 feet long, and similar to a ladder, but with "rungs" of metal rollers upon which packages may be rolled.

The application of an ordinary care negligence standard to the placement of such an object where not ordinarily anticipated is not beyond the ken of a lay jury.  Scientific, technical, or other specialized knowledge is not shown to be necessary or warranted to assist the trier of fact to understand the evidence or to determine a fact in issue concerning the applicable negligence standard.  The Court is therefore persuaded that McClatchey's testimony is not admissible under Fed.R.Evid. 702 if the ordinary negligence standard is not contested.  In the event that either defendant pursues a defense contesting whether it owed any duty of care to one in plaintiff's position, the Court may reconsider the exclusion of McClatchey's testimony.

Accordingly,

**IT IS HEREBY ORDERED** that defendant American Building Maintenance's motion to exclude the testimony and expert report of Darrel McClatchey [Doc. #75] is granted.

Dated this __13th__ day of May, 2008.

                                                /s/Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE